Earl, J.
This was an action to foreclose a mortgage and a complaint containing all the requisite allegations, for such an action was served upon the defendant Lewis. Thereafter he ■obtained a stipulation from plaintiff’s attorney for further time to answer, agreeing at the same time that he would not put in any answer and would not ask or apply to the court for any further extension of time. On the last day given by the stipulation the attorney for Lewis served a demurrer to the complaint, alleging as the ground of demurrer that the complaint did not state facts sufficient to constitute a cause of action, and thereafter the attorney for the plaintiff made a motion at special term to overrule and strike out the demurrer ■on the ground that it was frivolous and served in violation of the stipulation, and an order was made by the court overruling it and setting it aside, on the ground that the defendant Lewis was precluded by the stipulation from demurring or answering. After' that the plaintiff proceeded as if no demurrer or answer had been interposed and obtained his judgment of foreclosure by default. The defendant Lewis then appealed from that judgment to the general term, where *333 it was affirmed, and from the affirmance there he has appealed to this court. He did not appeal from the order striking out and setting aside the demurrer. That order, therefore, remains in force and cannot be assailed on an appeal merely from the judgment. The appeal from the judgment, therefore, brings nothing for review to this court. It was a judgment by default. There was no trial and no exceptions. The plaintiff is not precluded from making this motion, because he noticed, the cáse for argument and placed it upon the calendar. He waived nothing by so doing. It was still optional with him to wait until the case was reached on the calendar, or to make this motion on the ground that an appeal from such a judgment to this court was not authorized.
The motion should, therefore, be granted, with costs.
All concur.